[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

No. 05-13787
Non-Argument Calendar

_____

D. C. Docket No. 05-80030-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE THOMAS STIGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Eddie Thomas Stige appeals his 60-month sentence imposed after he pled

guilty to conspiracy to manufacture and possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  Stige asserts the district court violated his due process rights by imposing a mandatory minimum sentence that exceeded the advisory Sentencing Guidelines, violating *United States v. Booker*, 125 S. Ct. 738 (2005).  The district court did not err, and we affirm.

We review constitutional errors in sentencing de novo, but will reverse only for harmful error.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).  "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence."  *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005).

In *Booker*, the Supreme Court held "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 125 S. Ct. at 756.  The Court also held the Sentencing Guidelines are advisory, and district courts should take the Guidelines into account when considering the sentencing factors set forth at 18 U.S.C. § 3553(a).  *Id.* at 757.  However, *Booker* did not declare mandatory minimum sentences unconstitutional.

In *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997), we held the five-year mandatory minimum sentence applied in cases involving 100 or more marijuana plants, regardless of weight, controlled over the amendment to the Sentencing Guidelines that reduced the weight attributable to a marijuana plant. Additionally, we have consistently held mandatory minimum sentences do not violate a defendant's due process rights. *See e.g.*, *United States v. Holmes*, 838 F.2d 1175, 1177 (11th Cir. 1988) (holding mandatory minimum sentencing does not deprive the defendant of an individualized sentencing process in violation of due process rights). In *United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005), a post-*Booker* decision, we noted district courts remain bound by statutory minimum sentences despite *Booker's* holding the Sentencing Guidelines are merely advisory. Further, in *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005), we noted the defendant's sentence for alien smuggling did not violate *Booker* because the defendant received the mandatory minimum sentence based on the facts to which he pled guilty.

The district court did not err in imposing the mandatory 60-month minimum sentence because *Eggersdorf* remains good law after *Booker*. The Supreme Court has not held that mandatory minimum sentences violate the Constitution, and we have repeatedly upheld the constitutionality of mandatory minimum sentences.

AFFIRMED.