UNITED STATES of America,
Plaintiff–Appellee,

v.

Tam Henry HOLMES,
Defendant–Appellant.

No. 87–8505
Non–Argument Calendar.

United States·Court of Appeals,
Eleventh Circuit.

March 1, 1988.

Kevin Brehm, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Gerrilyn G. Brill, Thomas A. Devlin, Jr., Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before HILL, FAY and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

Tam Henry Holmes was indicted in the United States District Court for the Northern District of Georgia for violations of 21 U.S.C. secs. 846 (conspiracy to distribute cocaine) and 841(a)(1) (possession of cocaine with intent to distribute). A jury convicted Holmes of both offenses, and he was sentenced pursuant to 21 U.S.C. sec. 841(b)(1). He appeals to this court, alleging that the evidence is insufficient to sustain the jury's findings; he further submits that the sentencing provisions of 21 U.S.C. sec. 841(b)(1) are unconstitutional. For the following reasons, we affirm.

On December 30, 1986, Holmes and others were arrested while attempting to sell 1081 grams of cocaine (87% pure) to an undercover federal agent. Prior to his arrest, Holmes had agreed to cooperate with Georgia Bureau of Investigation Agent James Tarvin by providing information about other drug offenders in exchange for consideration in an earlier drug-related incident in which Holmes was involved. At his trial, Holmes testified that his participation in the cocaine transaction of December 30, 1986, was intended as a means of carrying out his agreement with Agent Tarvin. Consequently, Holmes, relying on *United States v. Davis*, 656 F.2d 153, 155 (5th Cir. Unit B 1981) [1], *cert. denied*, 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982), contends that the government's evidence was insufficient to establish that he formulated the requisite specific intent to violate the law.

Preliminarily, we discuss the appropriate standard of review.

Challenges to the sufficiency of the evidence are measured by the standard set forth in *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983), as follows: 'It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of evidence.' In making this determination, we must view the

---

1. In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.

evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and accept reasonable inferences and credibility choices by the factfinder. *United States v. Gonzalez,* 719 F.2d 1516, 1521–22 (11th Cir.1983). *United States v. Rosenthal,* 793 F.2d 1214, 1225 (11th Cir.1986).

■ Under this deferential standard of review, the evidence is ample to sustain the jury's findings. Although Holmes testified that he participated in the December 30, 1986, cocaine sale as a means of fulfilling his agreement to provide Agent Tarvin with information concerning drug transactions, the jury was free to reject these statements, particularly in view of the fact that Holmes' credibility was impeached on cross-examination. In addition, other evidence was introduced tending to refute his testimony. For example, Agent Tarvin testified that Holmes never informed him of the December 30 drug deal either before or after the arrest. Moreover, the federal agent who arrested Holmes testified that Holmes intended to take three ounces of cocaine as payment for his services and had a scale in his possession at the time of his arrest. These factors could have caused the jury to disbelieve Holmes' defense that he lacked the specific intent to violate 21 U.S.C. secs. 846 and 841(a)(1). We conclude that the evidence is sufficient to sustain the jury's findings of guilt.

Holmes also argues that 21 U.S.C. sec. 841(b)(1), the statute under which he was sentenced, is unconstitutional on various grounds. This statute provides, in part, that a person convicted of an offense involving five hundred grams or more of a mixture or substance containing a detectable amount of cocaine shall be sentenced to a term of imprisonment of not less than five years and not more than forty years; no such person shall be eligible for parole during his term of imprisonment.

■ Holmes first contends that the mandatory minimum sentencing provisions of Section 841(b)(1) violates due process because it deprived him of an individualized sentencing proceeding. This argument is without merit: the statute only establishes the minimum and the maximum number of years to which a defendant may be sentenced and in no way circumscribes 21 U.S.C. sec. 850, 18 U.S.C. 3661, or Fed.R.Crim. Proc. 32(a)(1)(B) and (c); all of which permit a defendant to present information concerning his background, character and conduct to aid the sentencer in determining an appropriate sentence. Thus, within the congressionally established range for sentences, nothing in section 841(b)(1) restricts the discretion of a sentencing judge in fashioning an individualized sentence in light of the specific facts of the offense and history of the offender.

Holmes next contends that Section 841(b)(1) violates the due process clause because it is irrational to mandate punishment in relation to the quantity of the cocaine a defendant possess without regard to quality or purity of the illegal drug. For similar reasons, Holmes challenges the sentencing provision on equal protection grounds, alleging that the section's classification scheme—total amount of a mixture containing a detectable amount of cocaine without regard to the amount of pure cocaine—is not rationally related to the achievement of a legitimate government interest. These claims are meritless: where a statute does not discriminate on racial grounds or against a suspect class, Congress' judgment will be sustained in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did. *See generally Clayborne v. Califano,* 603 F.2d 372 (2d Cir. 1979); *see also Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934) (in order to satisfy due process requirements, the legislative means must bear a "reasonable relation to a proper legislative purpose" and be "neither arbitrary nor discriminatory").

■ Here, the challenged statutory provision is contained in the Anti–Drug Abuse Act of 1986 and is rationally related to the Act's objective of protecting the public health and welfare by implementing stiff and certain penalties for those who violate federal drug laws. By enacting mandatory

minimum sentences for such crimes, Congress could have concluded that individuals who possess large quantities of mixtures containing detectable amounts of cocaine that has been "cut" with other ingredients and thereby multiplied for sale to others should be treated more severely than those who deal in smaller quantities of pure cocaine. Our responsibility is not to determine whether this was the correct judgment or whether it best accomplishes Congressional objectives; rather, our responsibility is only to determine whether Congress' judgment was rational. Believing that Section 841(b)(1) is rational, we conclude that it denies Holmes neither due process nor equal protection under the fifth amendment.

■ Holmes' next argument, that the sentencing provision fails to differentiate between individuals playing central and peripheral roles in drug transactions, is also without merit. As discussed above, various federal laws and the Federal Rules of Criminal Procedure provide that information of this type may be presented to and considered by the sentencing judge prior to sentencing. We also reject Holmes' claim that the statute improperly fails to contain any provision that a defendant know the quantity of cocaine involved before facing the minimum mandatory penalties. A similar argument was rejected in *United States v. Normandeau*, 800 F.2d 953 (9th Cir.1986), concerning Section 841(b)(1)'s statutory predecessor. In *Normandeau*, the Ninth Circuit concluded that the penalty provisions of Section 841(b) are " 'wholly separate' from the definition of unlawful acts included in 21 U.S.C. sec. 841(a)." *Id.* at 956. We think this remains true. Consequently, subjective knowledge of the quantity of cocaine is unrequired for a defendant to receive a mandatory minimum sentence under Section 841(b)(1). Defendants assume the risk, through their involvement in illegal drug sales, that their actions will bring them within the sentencing structure of the Act.

■ Holmes' argument that the establishment of a mandatory minimum sentence denies him his sixth amendment right to effective assistance of counsel is also wrong. The Act provides a range—the range between the congressionally established minimum and maximum sentences—of punishment for cocaine distribution. Counsel can assist a defendant with respect to the sentence imposed by the sentencer within those guidelines.

■ Holmes' argument that the mandatory minimum sentence requirements violate the separation of powers doctrine is without force. "It is for Congress to say what shall be a crime and how that crime shall be punished...." *United States v. Smith*, 686 F.2d 234, 239 (5th Cir.1982).

■ Holmes' final argument is that the penalties in Section 841(b) violate the eighth amendment because his sentence is disproportionate to the crime he committed and is therefore cruel and unusual. In support of this contention, Holmes relies on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the Supreme Court set forth a standard to measure proportionality of a sentence to a crime. It was held that, "proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011.

In light of this objective criteria, Holmes' claim is unsound. Unlike the defendant in *Solem* who uttered a forged check for $100, Holmes was convicted of distributing illegal drugs, a serious crime which is widely condemned by society. Because the penalties in Section 841(b) are standard, defendants are subject to the same penalties facing similarly situated individuals. And, the sentences found in the Act are not excessive when compared to sentences imposed for violations of other federal laws, such as, kidnapping (18 U.S.C. sec. 1201(a)), piracy under law of nations (18 U.S.C. sec. 1651), and hostage taking (18 U.S.C. sec. 1203); all of these provide punishment up to life imprisonment even if the victim sus-

tains no serious bodily injury. Section 841(b) also imposes a life sentence, under some circumstances, as its most severe penalty; but the mandatory minimum sentences imposed by the Act for Holmes' crime can be as little as five years. Therefore, the mandatory minimum sentences found in the Act cannot be said to be excessive in relation to the sentences for other severe federal crimes. Section 841(b) is not the only legislative enactment imposing long or mandatory sentences for the distribution of narcotics. Other jurisdictions have such laws. For example, Georgia and Florida have both adopted statutes with similar sentencing provisions. *See* O.C.G.A. 16–13–31 (1981) and Fla.Stat.Ann. sec. 893.135 (West 1979); *cf. Terrebonne v. Blackburn,* 646 F.2d 997 (5th Cir.1981) (en banc) (state statute authorizing a mandatory life sentence for conviction of distribution of heroin). Thus, we believe Section 841(b) satisfies the criteria delineated in *Solem;* and Holmes' sentence is proportionate to the serious crime he committed.

Because the evidence was sufficient to support the jury's determination of guilt and because Holmes has failed to mount a successful constitutional challenge to the statute under which he was sentenced, the judgment of the district court is AFFIRMED.