894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Alan LACKEY, Defendant-Appellant.
 No. 89-5440.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1989.
Decided: Jan. 12, 1990.
Rehearing and Rehearing In Banc Denied March 21, 1990.
 
 William S. Burroughs, on brief, for appellant.
 Henry E. Hudson, United States Attorney; Liam O'Grady, Assistant United States Attorney, on brief, for appellee.
 Before PHILLIPS and SPROUSE, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Craig Alan Lackey was indicted, tried at the bench, and convicted by the United States District Court for the Eastern District of Virginia for violations of 21 U.S.C. Sec. 846 (conspiracy to distribute cocaine) and Sec. 841(a)(1) (possession of cocaine with intent to distribute). The district court convicted Lackey of both offenses and sentenced him to the ten-year mandatory minimum sentence required by 21 U.S.C. Sec. 841(b)(1). Lackey appeals to this court alleging that the evidence is insufficient to sustain the district court's findings. Lackey further submits that various aspects of the Sentencing Guidelines are unconstitutional. Lackey finally argues that imposition of 21 U.S.C. Sec. 841(b)(1)'s mandatory minimum sentence violates the equal protection clause of the fifth amendment. For the following reasons we affirm.
 
 
 2
 * Lackey, a used car salesman, purchased cocaine for cash and in trade as part of the price of various automobiles from Amin J. Tabar. Tabar, the head of the distribution network alleged in this case, pled guilty to a continuing criminal enterprise in which Tabar distributed thirty to forty kilograms of cocaine to his various distributors including Lackey. Lackey distributed the cocaine he received from Tabar and others to friends and acquaintances. Lackey does not appear to dispute the existence of a conspiracy to distribute more than five kilograms of cocaine. See Appellant's Brief at 6 ("Certainly, one of the essential elements of the conspiracy in the instant case was to move more than five kilograms [of cocaine]."). Nor does Lackey appear to dispute the trial judge's finding that he was involved in a conspiracy to distribute cocaine.
 
 II
 
 3
 Lackey first argues that the government's evidence was insufficient to support a finding that he reasonably could have foreseen that the object of the conspiracy involved more than five kilograms of cocaine such as to subject him to an increased minimum sentence under 21 U.S.C. Sec. 301(b)(1)(A)(ii)II. Preliminarily, we discuss the appropriate standard of review. Challenges to the sufficiency of the evidence are measured by the standard set forth in United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986): the question is not whether this court is convinced of Lackey's guilt beyond a reasonable doubt. Rather, viewing the evidence in the light most favorable to the government, we must ask whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Lackey's liability for this conspiracy extends to co-conspirator's acts done in furtherance of the conspiracy, and to acts reasonably foreseen as a necessary or natural consequence of the unlawful agreement. See Pinkerton v. United States, 328 U.S. 640, 647-48 (1945).
 
 
 4
 In the instant case, the record evidence viewed in the light most favorable to the government indicates that Lackey bought cocaine from Tabar, his supplier, on over forty occasions for a total of nearly one kilogram. See J.A. at 16, 36. Lackey also purchased cocaine from other members of Tabar's distribution scheme. Tabar himself testified that his own supplier had supplied Tabar with forty to fifty kilograms of cocaine which Tabar redistributed to other members of the network, including Lackey. See J.A. at 9-16. Finally, Lackey met other members of Tabar's cocaine distribution network at various times throughout the duration of the conspiracy. In light of these facts, a rational factfinder could have found beyond reasonable doubt that it was reasonably foreseeable to Lackey that the conspiracy involved more than five kilograms of cocaine.
 
 III
 
 5
 Lackey next mounts three attacks upon the constitutionality of his sentence. Lackey first argues that the Federal Sentencing Guidelines are structured such as to deny him due process arising from the restriction on Lackey's right to receive an informed and articulated sentence. We recently rejected this argument in United States v. Bolding, 876 F.2d 21, 23 (4th Cir.1989) (Guidelines do not violate fifth amendment due process). Lackey next argues that the Guidelines are unconstitutional because they deprive him of the right to raise a Sec. 5K1.1 motion to reduce his sentence unless the government first makes such a motion. Again, this court recently rejected this argument in United States v. Francois, No. 88-5110, slip op. at 8, 9 (4th Cir.Nov. 22, 1989).
 
 
 6
 Lackey finally argues that imposing the minimum sentence mandated by 21 U.S.C. Sec. 841(b)(1) instead of a lower Guidelines sentence that would apply in the absence of the statutory minimum "leads to a denial of equal protection of the law, because it results in the sentencing of members of the class solely on the basis of the nature of the crime, in disregard of the other pertinent sentencing factors which Congress intended should be taken into account."[1] Appellant's Brief at 13. Lackey defines the class of people denied equal protection as those who,
 
 
 7
 but for the imposition of a mandatory minimum sentence, would receive lesser sentences because of their qualification for sentence reduction under the federal sentencing guidelines, based on their minimal roles in the respective offenses of which they have been convicted.
 
 
 8
 Id.
 
 
 9
 Where a statute does not discriminate on racial grounds or against a suspect class, Congress' judgment will be sustained so long as the legislative means bear a reasonable relation to a proper legislative purpose. See United States v. Holmes, 838 F.2d 1175, 1177 (11th Cir.1988). Here, the challenged statutory provision is contained in the Anti-Drug Abuse Act of 1986, and is "rationally related to the Act's objective of protecting the public health and welfare by implementing stiff and certain penalties for those who violate federal drug laws." Id. In imposing stiff minimum penalties even on persons who under Guideline Sec. 3B1.2 could be found "minimal" participants, Congress could rationally have concluded that distribution networks dealing in large quantities of cocaine posed a special threat sufficient to warrant such penalties even for "minimal" participants. We cannot say that 21 U.S.C. Sec. 841(a) denies Lackey the equal protection of the laws. Cf. id. at 1178 ("Believing that Section 841(b)(1) is rational, we conclude that it denies [defendant] neither due process nor equal protection under the fifth amendment.").
 
 
 10
 Accordingly, for the above stated reasons, we affirm the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The Guidelines themselves provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Guideline Sec. 5G1.1(b)