[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13286
Non-Argument Calendar

_____

D. C. Docket No. 05-00316-CR-7-IPJ-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST PEARCE CARPENTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 24, 2007)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Earnest Pearce Carpenter appeals his convictions and sentences for drug and firearm offenses. Carpenter argues that the evidence was not sufficient to convict him of the firearm offense, the testimony of two government witnesses was improperly admitted, his sentences are cruel and unusual punishment, and his sentences violate the separation of powers. We affirm.

## I. BACKGROUND

Carpenter was charged in a three-count indictment with conspiracy to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A); attempt to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). At trial, the government introduced evidence that, on March 4, 2005, Carpenter was arrested at an Alabama gas station after taking delivery of a shipment of cocaine from truck driver George Jackson. Jackson had been arrested in Louisiana after he admitted to transporting cocaine from California at the direction of David Smith, for whom Jackson had transported drugs several times since 1995. Jackson agreed to cooperate with the police by making a controlled delivery to Smith.

Jackson told police that he ordinarily delivered his drug shipments to Walter Staples, but was told by Smith to call Carpenter if ever he was unable to reach

2

Staples. Jackson called Carpenter and arranged the delivery. After Carpenter accepted the suitcase containing drugs from Jackson and was arrested, police found a semiautomatic handgun on Carpenter's person.

Before trial, the government advised Carpenter of its intent to introduce "similar acts" evidence against Carpenter through the testimony of Larry Bevelle and John Henley. The two men, both incarcerated on unrelated drug convictions, would testify that Smith had previously supplied cocaine to them through Jackson, Staples, and Carpenter. Carpenter objected, but his motion to exclude the testimony was denied after an evidentiary hearing. Carpenter objected to the testimony again at trial, and the district court overruled Carpenter's objection.

Carpenter moved for judgments of acquittal on all counts after the government rested and then after the defense rested, and the district court denied the motions. Carpenter argued in closing that he was unaware that the suitcase contained drugs. The jury convicted Carpenter on all three counts.

The presentence investigation report set the offense level at 34, the criminal history category at I, and the advisory Guidelines range at 151 to 188 months for Counts One and Two, the drug offenses. Carpenter was subject to mandatory minimum sentences of 120 months for Counts One and Two and 60 months, to be served consecutively, for Count Three, the firearm charge. 21 U.S.C.

§ 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(i). Carpenter objected and argued that the mandatory minimum sentences violated the principle of separation of powers. The district court sentenced Carpenter to concurrent sentences of 120 months on the drug counts and a consecutive sentence of 60 months on the firearm count.

## II. STANDARDS OF REVIEW

We review the sufficiency of the evidence de novo, drawing all reasonable inferences in favor of the government. United States v. Castro, 89 F.3d 1443, 1450 (11th Cir. 1996). Evidentiary rulings of the district court are reviewed for abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004). Objections raised for the first time on appeal are reviewed for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). We review constitutional challenges to a sentence de novo. United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006).

## III. DISCUSSION

Carpenter makes four arguments on appeal. First, he argues that the evidence was not sufficient for a reasonable jury to find that he carried a firearm during and in relation to a drug trafficking crime. Second, Carpenter argues that the district court abused its discretion when it allowed the testimony of Bevelle and Henley regarding Carpenter's similar acts. Third, Carpenter argues that his

4

sentences are cruel and unusual punishment because they are grossly disproportionate to his offense. Fourth, Carpenter argues that the mandatory minimum sentences violate the separation of powers between the executive and judicial branches. Each argument fails.

*A. The Evidence Was Sufficient to Support Carpenter's Conviction for Carrying a Firearm During and in Relation to a Drug Trafficking Crime.*

Carpenter first argues that the evidence presented at trial would not allow a reasonable jury to conclude that he "use[d] or carrie[d] a firearm" "during and in relation to [a] drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Under this provision, the government had to establish both that the defendant carried a gun and that he carried it "in relation to" the drug trafficking crime. United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002). There is no dispute that Carpenter was carrying a gun during the commission of a drug trafficking crime; the question is whether he was carrying it "in relation to" that crime. To establish that a defendant carried a gun in relation to a drug trafficking crime, the government had to establish only that the gun had "the potential of facilitating" the drug offense. Id. at 1251.

Viewing the evidence in the light most favorable to the government, a reasonable jury could have found that Carpenter's gun had the potential of

5

facilitating his acquisition of the drugs. Carpenter's gun was not left in his car or otherwise beyond his reach during the delivery of the drugs. Instead, the gun was stored on his person and concealed well enough to escape the notice of the police while they detained and handcuffed him. The evidence was sufficient to sustain Carpenter's conviction.

### B. *The District Court Did Not Abuse Its Discretion When It Admitted the Testimony of Bevelle and Henley.*

Carpenter argues that the testimony of Bevelle and Henley was improperly admitted. He contends that their testimony was inadmissible under Federal Rule of Evidence 404(b) and its prejudicial value greatly outweighed any probative value. This argument fails.

The testimony of Bevelle and Henley satisfied the requirements of Rule 404(b), which bars the introduction of prior bad acts to prove character, but allows evidence of prior bad acts "for other purposes, such as proof of motive, . . . intent . . . , plan, . . . [or] knowledge." When such evidence "is sufficient to support a finding that the defendant actually committed the extrinsic act" and the probative value of the evidence does not substantially outweigh any potential prejudice, it is admissible. United States v. Calderon, 127 F.3d 1314, 1330 (11th Cir. 1997). The

6

testimony of Bevelle and Henley established that Carpenter had knowledge of the nature of the plan and intended to deliver drugs for Smith.

Carpenter argued at trial that he was unaware that Smith dealt in drugs and knew Smith only because he performed maintenance work for him, but Bevelle and Henley testified that they had previously contacted Carpenter when delivering drugs for Smith. Because Carpenter averred ignorance of the nature of the scheme, the testimonies of Bevelle and Henley had significant probative value that outweighed any prejudice Carpenter may have suffered. The district court did not abuse its discretion.

### C. Carpenter's Sentences Are Not Cruel and Unusual Punishment.

Carpenter argues that the statutory minimum sentences prevented him from receiving an individualized sentence appropriate to his low level of culpability and, as a result, his sentence violates the Eighth Amendment. Carpenter did not raise this argument below, so we review it only for plain error. Raad, 406 F.3d at 1323. Carpenter's argument fails.

Carpenter cannot establish that his sentences plainly violate the narrow proportionality requirement of the Eighth Amendment. See United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). We have rejected the kind of argument that Carpenter makes regarding his mandatory minimum sentence for a

7

drug distribution offense.  See, e.g., United States v. Holmes, 838 F.2d 1175, 1178-79 (11th Cir. 1988).  We have even rejected this kind of argument when the mandatory minimum sentence fell at the upper end of the applicable Guidelines range.  See Raad, 406 F.3d at 1324.

Carpenter's statutory minimum sentence for the drug offenses is years below the applicable Guidelines range.  Carpenter argues that others guilty of the same offense with a greater degree of culpability have received lower sentences, but considerations of this nature are relevant only after "a threshold determination that the sentence imposed is grossly disproportionate to the offense."  Reynolds, 215 F.3d at 1214.  Carpenter has not made that showing.  The district court did not plainly err when it imposed the mandatory minimum sentence.

D.  Carpenter's Sentences Do Not Violate the Separation of Powers.

Carpenter argues that statutory mandatory minimum sentences violate the separation of powers by divesting the judiciary of its independent role to determine individualized sentences and by removing the power to sentence from the judicial branch to the executive branch.  This argument fails.  In Holmes, we stated that mandatory minimum sentences do not violate the separation of powers because "[i]t is for Congress to say what a crime is and how that crime shall be punished."  838 F.2d at 1178 (citation omitted).

Carpenter argues that <u>Holmes</u> is no longer good law after <u>Mistretta v. United States</u>, in which the Supreme Court expressed concern about schemes that "unite[] the power to prosecute and the power to sentence within one Branch." 488 U.S. 361, 391 n.17, 109 S. Ct. 647, 664 n.17 (1989). The problem for Carpenter is that <u>Mistretta</u> upheld the constitutionality of the Sentencing Guidelines against a separation of powers challenge, and the Court recognized that, under the federal system, "the scope of judicial discretion with respect to a sentence is subject to congressional control." <u>Id.</u> at 364, 109 S. Ct. at 651. <u>Holmes</u> remains good law.

## IV.  CONCLUSION

Carpenter's convictions and sentences are

**AFFIRMED.**