[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10094
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00104-CR-ORL-22KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2009)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Charles Williams appeals his total sentence of 352 months' imprisonment,

imposed after he pled guilty to: conspiracy to commit a robbery, 18 U.S.C. § 1951 (Count 1); conspiracy to possess with intent to distribute a mixture containing five or more kilograms of cocaine, 21 U.S.C. §§ 841, 846 (Count 2); conspiracy to use a firearm during a crime of violence and drug trafficking offense, 18 U.S.C. §§ 2, 924(c) (Count 3); and possession of a firearm by a convicted felon, 18 U.S.C. §§ 2, 924 (Count 4). The district court imposed a sentence of 292 months' imprisonment for Counts 1, 2, and 4, followed by 60 months' imprisonment for Count 3, which was the statutory mandatory minimum.

On appeal, Williams argues that his mandatory minimum sentence, like all mandatory sentences, is unlawful. However, we have previously held that district courts are bound by statutory minimums, and that mandatory minimum sentences do not deprive defendants of individualized sentences or due process. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005); United States v. Holmes, 838 F.2d 1175, 1177 (11th Cir. 1998). Accordingly, we reject Williams's argument on this issue.

Williams also argues that the district court erred by not departing from the guideline range. However, because there is nothing in the record to indicate that the court believed it was not authorized to depart from the guideline range, we lack jurisdiction to review its decision not to do so. United States v. Dudley, 463 F.3d

1221, 1228 (11th Cir. 2006). Accordingly, we decline to consider this argument.

Williams's final argument on appeal is that his sentence is unreasonable, because it does not reflect the court's consideration of the 18 U.S.C. § 3553(a) sentencing factors or his low risk for recidivism.

In United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." In doing so, we "merely ask[] whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation removed). The burden of establishing that the sentence is unreasonable lies with the party challenging the sentence. Id.

Pursuant to Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), appellate review for reasonableness is a two-step process. Id. at 1190. First, we "must . . . ensure that the district court committed no significant procedural error," like "failing to consider the § 3553(a) factors," or "failing to adequately explain the chosen sentence." Id. (quotation removed). Second, we must consider the substantive reasonableness of the sentence. Id.

Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed

3

to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(6). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.) (quotations and alterations omitted), cert. denied, 128 S.Ct. 671 (2007).

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although we do not apply a presumption of reasonableness to a sentence that falls within the guidelines range, we ordinarily expect such sentences to be reasonable. See id. at 787-88.

In imposing Williams's sentence, the district court stated that it had considered the advisory guidelines, the statutory mandatory minimum, and the § 3553(a) factors. Given Williams's extensive criminal history, and the violent details of his plan to conduct an armed home invasion robbery, we cannot say that

4

this sentence was unreasonable.

**AFFIRMED.**