[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

No. 09-13369
Non-Argument Calendar

_____

D. C. Docket No. 08-00228-CR-ORL-28KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO TORRES GARRASTEQUI,
a.k.a. Tito Pasture,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Alberto Torres Garrastequi appeals the district court's imposition of 21 U.S.C. § 841(a)(1)'s 120-month mandatory minimum sentence. He argues that § 841(a)(1)'s mandatory minimum sentencing provisions violate the separation of powers doctrine, his due process rights, and 18 U.S.C. § 3553(a), which prohibits courts from imposing a sentence that is "greater than necessary" to achieve the goals of sentencing. For the reasons set forth below, we affirm.

**I.**

Garrastequi pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

According to the presentence investigation report ("PSI"), law enforcement officials determined that, from 2006 through June 2007, a specific drug trafficking organization mailed up to 40 to 50 kilograms of cocaine almost every week from Puerto Rico to Orlando. During the course of the conspiracy, Garrastequi worked directly with Miguel Antonio Montes, who was a leader and organizer of the cocaine smuggling operation in Orlando, Florida. Authorities intercepted at least 35 telephone calls between Garrastequi and Montes in which Garrastequi and Montes discussed distribution of the cocaine. Garrastequi also delivered cocaine to a co-conspirator on one occasion.

The PSI set Garrastequi's total offense level at 29. His total offense level of

29 combined with criminal history category I to yield a guideline imprisonment range of 87 to 108 months. The PSI noted that, pursuant to 21 U.S.C. § 841(b)(1)(A), Garrastequi was subject to a mandatory minimum term of ten years' imprisonment.

At sentencing, Garrastequi objected to the imposition of the statutory minimum sentence, arguing that the statutory minimum violated the separation of powers doctrine. The court adopted the factual statements and guideline calculations set forth in the PSI, determining that Garrastequi's applicable guideline imprisonment range was 120 months.

The government recommended imposition of the statutory minimum sentence. Garrastequi again noted his objection that the statutory minimum was unconstitutional because it violated the separation of powers doctrine. The court sentenced Garrastequi to 120 months' imprisonment, to be followed by a 5-year term of supervised release. The court noted that, if Garrastequi had not been subject to the statutory minimum, it would have imposed a lesser sentence. At the close of the sentencing proceeding, the court asked if either party had objections to the sentence or the manner in which the sentence was imposed. Both parties indicated that they had no objections.

## II.

*Separation of Powers*

We have rejected claims that mandatory minimum sentences violate the separation of powers doctrine. *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988) (dealing specifically with the statutory penalties set forth in 21 U.S.C. § 841(b)(1)). We noted that "[i]t is for Congress to say what shall be a crime and how that crime shall be punished." *Id.* The Supreme Court has held that the Sentencing Guidelines are to be applied in an advisory fashion. *United States v. Booker*, 543 U.S. 220, 246, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005). However, we have determined that "[e]ven after *Booker*, the district court is bound by the statutory mandatory minimums." *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007); *Kimbrough v. United States*, 552 U.S. 85, 108, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007) (holding that while district courts may grant variances based on the crack-to-powder cocaine disparity, they are still constrained by statutory mandatory minimums).

As explained above, Garrastequi's argument that § 841's mandatory minimum penalties violate the separation of powers doctrine is foreclosed by *Holmes* and *Ciszkowski*, which are binding precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (recognizing that "a prior panel's holding is

4

binding on all subsequent panels"). Accordingly, the district court did not violate the separation of powers doctrine by sentencing Garrastequi to the statutory minimum term of imprisonment.

*Due Process*

Constitutional challenges raised for the first time on appeal are reviewed for plain error. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). Under the plain error standard, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* We may exercise our discretion to correct a plain error if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Garrastequi's due process argument is foreclosed by precedent. We have held that § 841's mandatory minimum sentences do not deprive a defendant of an individualized sentencing proceeding or due process. *See Holmes*, 838 F.2d at 1177 (noting that § 841(b)(1) only establishes a minimum and maximum penalty and does not prevent a defendant from presenting "information concerning his background, character and conduct to aid the sentencer in determining an appropriate sentence"). Accordingly, Garrastequi has failed to show that the district court plainly erred by violating his due process rights when it sentenced him to the ten-year statutory minimum.

*18 U.S.C. § 3553(a)*

We review sentencing arguments raised for the first time on appeal for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). Under the plain error standard, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. *Camacho-Ibarquen*, 410 F.3d at 1315. We may exercise our discretion to correct a plain error if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Garrastequi has failed to show that the district court erred, let alone committed plain error, by failing to sentence him below the statutory minimum based on a consideration of the 18 U.S.C. § 3553(a) sentencing factors. We have held that "§ 3553(a) merely lists the factors the district court must consider in determining an appropriate sentence" and "plainly does not confer upon the district court the authority to sentence a defendant below the statutory mandatory minimum based on its consideration of the § 3553(a) factors." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008). Accordingly, because all of Garrastequi's arguments are foreclosed by binding precedent, we affirm Garrastequi's 120-month sentence.

**AFFIRMED.**

6