[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

No. 09-14719
Non-Argument Calendar

_____

D. C. Docket No. 09-00051-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC JON EVANOUSKAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2010)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Jon Evanouskas appeals his 180-month sentence, imposed following his

guilty plea to transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b)(1) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 2). On appeal Evanouskas raises two challenges to his sentence. He first argues that the district court erred in applying the number-of-images enhancement to the Guidelines calculation because that provision is unconstitutional. He next argues that his sentence was substantively unreasonable. After reading the parties' briefs and carefully reviewing the record, we discern no error and affirm.

## I. Number-of-Images Enhancement

Evanouskas argues that the district court erred in applying the number-of-images enhancement, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the enactment of § 2G2.2(b)(7)(D) violated the separation of powers doctrine. Specifically, he argues that the enactment of § 2G2.2(b)(7)(D) was unconstitutional because Congress directly and unilaterally legislated the five-level increase found in § 2G2.2(b)(7)(D).

Evanouskas did not raise this objection before the district court. As a result, we review the district court's decision only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). To prove plain error, a defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial

2

rights." *Id.* (internal quotation marks omitted). If all three conditions are met, we may exercise our discretion to recognize the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Error cannot be plain in the absence of controlling precedent from the Supreme Court or this Court. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The district court did not plainly err in applying the § 2G2.2(b)(7)(D) enhancement because no binding precedent holds that Congress commits a separation of powers violation by directing an amendment to the Sentencing Guidelines through legislation. Moreover, precedent supports the authority of Congress to direct and constrain the exercise of the Sentencing Commission's discretion in promulgating the Guidelines. We have held that "[f]ederal legislation mandating length of sentences does not violate the separation of powers doctrine." *United States v. Osburn*, 955 F.2d 1500, 1504-05 (11th Cir. 1992) (upholding the sentencing scheme in 21 U.S.C. § 841 that increases an individual's sentence in proportion to the increase in drug quantity); *see also United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1998) (holding that mandatory minimum sentences do not violate the separation of powers doctrine because "[i]t is for Congress to say what shall be a crime and how that crime shall be punished" (internal quotation

3

marks omitted)).  Furthermore, the Supreme Court has noted that "Congress, of course, has the power to fix the sentence for a federal crime. . . and the scope of judicial discretion with respect to a sentence is subject to congressional control."  *Mistretta v. United States*, 488 U.S. 361, 364, 109 S. Ct. 647, 650-51, 102 L. Ed. 2d 714 (1989) (citations omitted).  Although Congress has delegated broad discretion to the Sentencing Commission, it has mandated that the Guidelines be "consistent with all pertinent provisions of any Federal statute."  28 U.S.C. § 994(a).  Thus, the Sentencing Commission's discretion ultimately "must bow to the specific directives of Congress."  *United States v. LaBonte*, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677, 137 L. Ed. 2d 1001 (1997).

## II. Substantive Reasonableness

Evanouskas argues that his 180-month total sentence is substantively unreasonable because the district court failed to appropriately apply the § 3553(a) factors and relied on a flawed guideline.

We review the sentence imposed, whether inside or outside of the advisory Guidelines range, for reasonableness, using an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  Unreasonableness may be procedural or substantive.  *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).  A sentence may be procedurally

4

unreasonable if the court improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous factors, or failed to explain adequately the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Substantively, the sentence must be sufficient, but not greater than necessary, to reflect the purposes set forth in § 3553(a). 18 U.S.C. § 3553(a). The factors in 18 U.S.C. § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and this Court "will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted). We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing

5

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

Evanouskas's 180-month total sentence is not substantively unreasonable. Prior to imposing the sentence, the district court conducted a lengthy sentencing hearing during which, in addition the parties' arguments, it heard testimony from four witnesses offered by Evanouskas, Evanouskas' father, and Evanouskas himself. The district court also heard victim impact statements in the form of letters offered by two victims of the pornography possessed by Evanouskas. The district court then explained its consideration of the § 3553(a) factors. In regards to the seriousness of the offense, the district court noted that possession and transportation of child pornography was a serious offense and particularly serious in this case given the number of photos possessed by the defendant. The district court also noted the long-term and continuing effect on the victims. In regards to the need to protect the public, the district court noted that although the defendant knew that his conduct was illegal he had engaged in that conduct over a period of time and that the court was not convinced he would not reoffend. These findings are amply supported by the record. The district court also discussed the history and characteristics of the defendant, specifically his complete lack of criminal

history, and found that factor weighed in favor of a below Guidelines sentence. In light of those considerations, the district court then imposed a 180-month sentence, a sentence 30 months below the low end of the Guidelines range. Nothing in the record indicates that the district court abused its considerable discretion in weighing these factors or that the sentence imposed lies outside the range of reasonable sentences dictated by the facts of the case.[1]

Upon review of the record, and consideration of the parties' briefs, we affirm.

**AFFIRMED.[2]**

---

[1] Evanouskas briefly argues that the district court should have placed no reliance on the Guidelines because the child pornography provisions are not based on empirical research and are thus flawed. Assuming *arguendo* that the child pornography provisions are not based on empirical data, *Kimbrough v. United States*, 552 U.S. 85, 109-10, 128 S. Ct. 558, 575, 169 L. Ed. 2d 481 (2007), supports the proposition that a district court may consider a lack of empirical basis as a reason to exercise its discretion to categorically disagree with a Guidelines provision; it does not dictate that a district court must categorically disregard such a provision. In this case, the district court considered the advisory Guidelines range as one of several factors when weighing the § 3553(a) factors and ultimately imposed a sentence below that range. Nothing in the record indicates that the weight the district court assigned to the advisory Guidelines range was an abuse of the considerable discretion it enjoys in this regard.

[2] Appellant's request for oral argument is denied.