[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10556
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00253-AKK-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLT BRYAN LECUYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 15, 2013)

Before CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Colt Lecuyer appeals his 120-month sentence, the statutory mandatory minimum, after being convicted of one count of attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Lecuyer contends that his sentence is cruel and unusual in violation of the Eighth Amendment and that § 2422(b)'s mandatory minimum is grossly disproportionate to his crime. He also contends that his sentence violates the separation of powers doctrine because mandatory minimum sentences foreclose the judicial discretion provided for in 18 U.S.C. § 3553(a). Finally, Lecuyer contends that his sentence deprives him of his substantive due process rights under the Fifth Amendment because the sentencing court was not able to meaningfully consider mitigating factors.

We review de novo constitutional challenges to a sentence. United States v. Flores, 572 F.3d 1254, 1268 (11th Cir. 2009).

## I.

A defendant who challenges a non-capital sentence on Eighth Amendment grounds must show as a threshold requirement that the sentence is grossly disproportionate to the offense committed. United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006). A prison sentence within the statutory limits generally does not violate the Eighth Amendment. Id. In fact, we have "never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the Supreme Court has only found one to do

2

so." United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010).  In determining whether a sentence of imprisonment is grossly disproportionate to the crime, the mandatory nature of it is irrelevant.  Id.

Without the mandatory minimum, Lecuyer's guidelines range would have been 97 to 121 months.  With the mandatory minimum it became 120 to 121 months.  Lecuyer has failed to show that his 120-month sentence is grossly disproportionate to the crime of attempting to entice a 13-year-old child to engage in sex.  See id. 1343–45 (rejecting an Eighth Amendment challenge to a 30-year mandatory minimum sentence for crossing a state line with intent to engage in a sexual act with a child under the age of 12).

## II.

Lecuyer next contends that his sentence violates the separation of powers doctrine.  We have consistently rejected that contention in regard to mandatory minimum sentences.  See, e.g., United States v. Paige, 604 F.3d 1268, 1274 (11th Cir. 2010) (holding that this Court's precedent establishes that mandatory minimums do not violate the separation of powers doctrine); United States v. Osburn, 955 F.2d 1500, 1504–05 (11th Cir. 1992) ("Federal legislation mandating length of sentences does not violate the separation of powers doctrine."); United States v. Holmes, 838 F.2d 1175, 1178 (11th Cir. 1988) (holding that mandatory minimum sentences do not violate the separation of powers doctrine because "[i]t

3

is for Congress to say what shall be a crime and how that crime shall be punished") (quotation marks and ellipsis omitted). Lecuyer's separation of powers argument is foreclosed by binding precedent.

III.

As for Lecuyer's substantive due process argument, we note that the Supreme Court has held that a sentencing court may impose whatever penalty is authorized by statute so long as the penalty is not cruel and unusual and is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. Chapman v. United States, 500 U.S. 453, 465, 111 S.Ct. 1919, 1927 (1991). A sentence imposed by statute is not arbitrary when the statute has a rational basis. See United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988) (analyzing the mandatory minimum for possession of cocaine with the intent to distribute under a rational basis standard because no suspect classification or fundamental right was at issue). Lecuyer bears the burden of showing that § 2422(b)'s 120-month mandatory minimum lacks any rational basis. See Bah v. City of Atlanta, 103 F.3d 964, 967 (11th Cir. 1997) ("Those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it.") (quotation marks and brackets omitted).

4

Lecuyer has failed to present any evidence or authority to suggest that Congress lacked a rational basis for enacting a 120-month minimum sentence for defendants convicted of attempting to entice a minor to engage in sexual activity. We have rejected similar due process challenges to mandatory minimums imposed for drug offenses, determining that Congress could have rationally concluded that those mandatory sentences are necessary to protect the public's health and welfare. See Solomon, 848 F.2d at 157; Holmes, 838 F.2d at 1177–78.  It is obvious that Congress could have rationally determined that long sentences are necessary to protect the public from criminals who have been convicted of attempting to commit sex offenses against children.

Nor does Lecuyer's sentence violate the Fifth Amendment Due Process Clause just because it involved a mandatory minimum.  See Holmes, 838 F.2d at 1177–78.  The district court was still able to impose an individualized sentence within the statutory range of 120 months to life imprisonment, see 18 U.S.C. § 2422(b), and it did so by determining that Lecuyer should receive the statutory minimum sentence.

**AFFIRMED.**