[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11943
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80034-KAM-29

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

ERIC LANARD WILLIAMS,
a.k.a. Baby Boy,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 2, 2015)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Eric Williams appeals his 120-month sentence after pleading guilty to conspiring to possess 280 grams or more of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846, and possessing 28 grams or more of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. After careful review, we affirm.

# I

On January 24, 2014, Mr. Williams pled guilty to the two drug charges listed above pursuant to an oral plea agreement. A probation officer prepared a presentence investigation report ("PSI") which held Mr. Williams personally responsible for distributing 168 grams of crack cocaine, resulting in a base offense level of 28. *See* PSI at ¶¶ 294, 301; U.S.S.G. § 2D1.1(a)(5), cmt. n.8(D). Mr. Williams received a three-level downward adjustment for timely acceptance of responsibility. Based on a total offense level of 25 and a criminal history category of III, the probation officer calculated Mr. Williams' advisory guidelines range to be 70 to 87 months in prison. But because Mr. Williams had pled guilty to a conspiracy involving 280 or more grams of crack cocaine—a charge which carried a statutory minimum sentence of 10 years in prison—the PSI set the guidelines range at 120 months. *See* PSI at ¶¶ 355-56; U.S.S.G. § 8G1.2(c); 21 U.S.C. § 841(b)(1)(A)(iii).

2

Mr. Williams filed written objections to the PSI, and made oral objections at his sentencing hearing. In relevant part, he argued that the imposition of a 10-year mandatory-minimum sentence would violate his Fifth Amendment right to equal protection and his Eighth Amendment right to be free from cruel and unusual punishment. Mr. Williams conceded that circuit precedent foreclosed his arguments, but raised them to preserve the issue in the event of a future change in the law.

Mr. Williams also objected to the probation officer's calculation of the drug quantity attributed to him. He explained that the government misinterpreted certain code words that he used during drug negotiations which were captured on audio recordings and in text messages. Specifically, he claimed that when he used the terms "two of the usual," "one," or "a whole one," he was referring to a quarter-ounce or seven grams of crack cocaine, as opposed to an entire ounce. Thus, according to Mr. Williams, he was personally responsible for only 28 to 112 grams of crack cocaine—and not 168 grams—warranting a base offense level of only 26. At no time, however, did Mr. Williams claim that he was not statutorily subject to a 10-year minimum sentence.

The district court overruled Mr. Williams' objections and adopted the probation officer's drug quantity calculation, crediting the government's interpretation of the recorded conversations. The court sentenced Mr. Williams to

120 months' imprisonment for the drug conspiracy charge and 70 months for the distribution offense, with those terms to run concurrently. Mr. Williams now appeals.

## II

We review a "district court's drug-quantity determination for clear error" and its "interpretation and application of the guidelines to the facts" *de novo*. *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998) (citations omitted). "We review challenges to the constitutionality of a sentence *de novo*." *United States v. Sanchez*, 586 F.3d 918, 932 (11th Cir. 2009).

## III

On appeal, Mr. Williams largely raises the same issues that he asserted at sentencing—that the imposition of the 10-year mandatory-minimum sentence violated his constitutional rights and that the district court incorrectly calculated the drug quantity. With regards to the latter claim, Mr. Williams argues that the district court improperly placed the burden on him to prove the appropriate drug quantity and relied on transcripts that were not in evidence to resolve certain ambiguities in calculating the drug quantity. We reject these claims.

First, Mr. Williams correctly acknowledges that binding precedent forecloses his constitutional arguments. *See United States v. Holmes*, 838 F.2d 1175, 1177-78 (11th Cir. 1988) (holding that the imposition of statutory

mandatory-minimum sentences for those who violate certain federal drug laws does not violate the Fifth Amendment's Equal Protection Clause or the Eighth Amendment).

Second, to the extent Mr. Williams is challenging 10-year sentence on drug quantity grounds, the district court did not commit clear error in finding that the conspiracy involved 280 grams or more of crack cocaine, and that Mr. Williams was responsible for that amount under Count One. For starters, at his change of plea colloquy, Mr. Williams (1) admitted under oath that he knew that the conspiracy with George Bivins and others involved 280 grams or more of crack cocaine, and (2) acknowledged that he faced a ten-year mandatory-minimum sentence on that charge. *See* D.E. 1130 at 15, 27-33. Mr. Williams' sworn admission, by itself, was sufficient to establish a drug quantity of 280 grams or more of crack cocaine. We have held that a "conspirator is responsible for conspiracy activities in which he is involved, and for drugs involved in those activities, and for subsequent acts and conduct of co-conspirators, and drugs involved in those acts or conduct, that are in furtherance of the conspiracy and are reasonably foreseeable to him." *United States v. Chitty*, 15 F.3d 159, 162 (11th Cir. 1994).

Third, to the extent Mr. Williams is challenging the amount of crack cocaine he was personally responsible for on the distribution count, any error was harmless

5

because he was subject to a 10-year statutory minimum sentence.  In any event, the district court was permitted to interpret the code words in the recorded conversations differently than Mr. Williams.  *See* D.E. 1072 at 12-13. *See also United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").

Mr. Williams' remaining arguments—that the district court improperly relied on transcripts that were not in evidence and shifted the burden of proving the drug quantity onto him—are also without merit.  Because Mr. Williams raises these issues for the first time on appeal, we review them only for plain error.  To establish plain error, Mr. Williams must demonstrate that the district court committed (1) an error; (2) that was plain; and (3) that affected his substantial rights.  *See United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir 2005).  "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.*

Here, Mr. Williams has failed to satisfy the third prong of the plain error test, which requires him to show that the error "affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.

6

2005).  Given that Mr. Williams admitted that he "was aware that the conspiracy itself involved over 280 grams of crack cocaine," D.E. 1072 at 32-33, we cannot say that his sentence would have been different if the district court had not committed the alleged errors.  Indeed, as we have explained, his admission alone was sufficient to impose the 10-year mandatory minimum sentence.  *See* U.S.S.G. § 5G1.2 cmt. 3(B) ("[W]here a statutorily required minimum sentence on any count is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence on that count shall be the guideline sentence on all counts.").

## IV

We affirm Mr. Williams' sentence.

**AFFIRMED.**

7