[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14313
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20232-RNS-1


UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

SAMUEL EXIL,

                                                                Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Samuel Exil appeals his 120-month sentence, imposed within the advisory guideline range and in compliance with the statutory minimum, after pleading guilty to one count of conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846.  On appeal, Exil argues for the first time that his prison sentence of 120 months is unconstitutional because the statute setting forth the minimum sentence, 21 U.S.C. § 841(b)(1)(A), violates his rights under the Due Process Clause and the Equal Protection Clause of the Fifth and Fourteenth Amendments.  Exil also avers that his sentence constitutes cruel and unusual punishment under the Eighth Amendment because the district court did not engage in a proportionality analysis using the factors outlined in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680 (1991).  Upon review of the record on appeal and after consideration of the parties' briefs, we find that Exil's 120-month sentence is constitutional, and we affirm the district court.

We have squarely held that the statutory minimum sentences under 21 U.S.C. § 841(b) are not unconstitutional.  *United States v. Osburn*, 955 F.2d 1500, 1505 (11th Cir. 1992).  We have also held that minimum sentences under § 841(b) do not constitute cruel and unusual punishment.  *See United States v. Holmes*, 838 F.2d 1175, 1178–79 (11th Cir. 1988); *see also United States v. McGarity*, 669 F.3d 1218, 1256 & n.57 (11th Cir. 2012).  Exil's conclusory argument that the district court "must" employ an individualized test for his case does not explain what

makes his sentence unique among the myriad other sentences imposed in this Circuit under statutory minima, such that a proportionality analysis would have resulted in a finding of unconstitutionality for him and him alone. Without making such a showing, and without showing thereby that his rights were substantially affected, Exil cannot show that the district court committed plain error.  *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (finding that a constitutional challenge to a statute raised for the first time on appeal is subject to plain error review and setting forth the requirements thereof).

**AFFIRMED.**