[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16136
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00249-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD J. SIMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 2, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Edward Sims appeals the mandatory minimum sentence imposed under the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), following his

conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g).

Because circuit precedent forecloses each of the arguments Sims raises, we affirm.

Sims pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The probation officer calculated the sentencing guideline range to be 188 to 235 months' imprisonment, and Sims faced a mandatory minimum of 15 years' imprisonment under the ACCA. 18 U.S.C. § 924(e).

Sims objected to the mandatory minimum sentence on three grounds. First, Sims argued that the mandatory minimum was unconstitutional under the Eighth Amendment. Second, Sims asserted that the mandatory minimum conflicted with the mandate in 18 U.S.C. § 3553(a) that a sentence be no longer than necessary to achieve the sentencing goals. Finally, Sims argued that the mandatory minimum sentencing structure violated separation of powers principles.

At sentencing, Sims conceded that his challenges to the mandatory minimum were foreclosed by circuit precedent. After overruling Sims's objections, the district court sentenced Sims to 188 months' imprisonment. Sims now appeals, raising the same three arguments.[1]

Challenges to the constitutionality of a statute are reviewed *de novo*. *United*

---

[1] Sims raises only these challenges to the application of the ACCA. He does not otherwise challenge the guideline calculations, the reasonableness of his sentence, or the manner in which the sentence was imposed.

2

*States v. Rozier*, 598 F.3d 768, 770 (11th Cir.), *cert. denied*, 2010 WL 1836730 (June 7, 2010) (No. 09-10590).  Constitutional challenges to a sentence are also reviewed *de novo*.  *Id.*

Circuit precedent forecloses Sims's arguments.  First, this court has held that the mandatory minimum sentence under the ACCA does not violate the Eighth Amendment.  *United States v. Lyons*, 403 F.3d 1248, 1257 (11th Cir. 2005).  Second, this court has held that district courts are bound by mandatory minimum sentences absent one of two exceptions not applicable to Sims.  *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361-62 (11th Cir. 2008).  Finally, this court has repeatedly rejected the argument that mandatory minimum sentences violate separation of powers principles.  *United States v. Paige*, 2010 WL 1656120 (11th Cir. 2010); *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988).

We are bound by decisions of prior panels until overruled by this court sitting *en banc* or by the Supreme Court.  United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998).  Because our precedent forecloses each of Sims's arguments, and we are  bound to follow it, Sims's sentence is

**AFFIRMED.**

3