**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph James SANFILIPPO,
Defendant-Appellant.**

**No. 78–5158
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1978.

Rehearing Denied Nov. 29, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard M. Gale, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Paul D. Lazarus, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Joseph Sanfilippo is before this court for a second time stemming from various charges that he participated in the possession and distribution of cocaine.[1] The background of this case is set out in *United States v. Sanfilippo*, 564 F.2d 176 (5th Cir. 1977), in which we reversed and remanded for a new trial because the government permitted false testimony to go uncorrected to the jury. On retrial, a second jury has convicted the appellant. This conviction is challenged on two grounds. First, the appellant maintains that the court's supplemental charge was improper and prejudicial. Second, it is urged that the court erred by denying his request for judicial notice and instruction to the jury that government witness Mori had falsely testified in previous judicial proceedings in the case. Finding both contentions to be without serious merit, we affirm.

The supplemental charge was delivered in response to an inquiry by the jury. After the jury had retired and deliberated for almost four hours, they sent a note to the court with the following question: "Definition of distribution: (a) May this be con-

---

1. The defendant was convicted of conspiracy to possess with intent to distribute, possession with intent to distribute and the distribution of 320 grams of cocaine. These convictions represented violations of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2.

structive distribution as applies to constructive possession." Earlier, during its general charge, the court had defined constructive possession as possession "over a thing, either directly or through another person or persons . . . ." Evidently, the jury was grappling with the possibility that the appellant was vicariously liable for the distribution of cocaine. Although "constructive distribution" does not exist as a legal concept, the court attempted to respond to the substance of the jury's question by further clarifying the law of liability as a coconspirator and as an aider and abettor. The appellant objected to this charge at trial and, on appeal, asserts various defects. Arguing that there is no such legal term as "constructive distribution," the appellant urges that the court should have either rested solely on the original instructions or given the statutory definition of distribution. The supplemental charge, which is set out in full below,[2] allegedly favored the prosecution's theory of the case.

We have examined both the original charge and the supplemental instructions and we conclude that no error has been committed. The original charge adequately details the substantive law underlying the charges against appellant. The supplemental charge accurately states the law of vicarious liability with respect to conspiracy and aiding and abetting. Moreover, the court instructed the jury that the supplemental and original charges carry equal weight. This court has emphasized that the original and supplemental charges must be reviewed as a whole. *United States v. Fuiman,* 546 F.2d 1155, 1161 (5th Cir. 1977); *United States v. Jackson,* 470 F.2d 684, 688 (5th Cir. 1972). As long as the combined directions accurately present the controverted point of law, ordinarily no reviewable error exists. *United States v. Blevins,*

---

2. Ladies and gentlemen, I have your question which I will now read:

'Definition of distribution: (a) May this be constructive distribution as applies to constructive possession? Theordore Vochick, Foreperson.'

If you find by proof beyond a reasonable doubt that; (1) a conspiracy existed and the defendant was one of the conspirators; and (2) distribution was made by a coconspirator during the pendency and in furtherance of such conspiracy, the acts of the coconspirator in distributing the cocaine are attributable to the defendant as if he himself had performed those acts.

I have previously charged you on aiding and abetting as it appears in the charges I orally gave to you and then handed to you. I will recharge you on that subject now.

The guilt of a defendant may be established without proof that the accused personally did every act constituting the offense charged. Section 2 of Title 18, United States Code, provides that whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

In other words, every person who willfully participates in the commission of a crime may be found to be guilty of that offense.

Participation is willful if done voluntarily and intentionally and with a specific intent to

fail to do something that the law requires to be done. That is to say, with bad purpose either to disobey or to disregard the law. In order to aid and abet another to commit a crime, it is necessary that the accused willfully associate himself in some way with the criminal venture and willfully participate in it as he would in something he wishes to bring about; that is to say, that he willfully seeks by some act or omission of his to make the criminal venture succeed.

I have already defined for you the meaning of the word 'willful.' You, of course may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons and that the defendant participated in its commission. Therefore, if you find by proof beyond a reasonable doubt that every element of the offense of distribution was committed by some person or persons other than the defendant, and that the defendant willfully participated in such distribution, then the defendant may be found guilty of the offense of distribution as charged in the indictment.

I remind you that in charging you again in response to your question, such is not to be taken as placing any greater emphasis on these charges than those given to you at the close of the trial or just prior to your retiring to consider your verdict; and a copy of all of which charges you have in your possession for examination and review by you.

555 F.2d 1236, 1239 (5th Cir. 1977).[3] Thus, while "knowingly" and "reasonable doubt" were not redefined in the supplemental charge, the definition in the original instructions adequately explained these terms.

The court did not specifically address the legal nonexistence of "constructive distribution." It did, however, give a logical response to clarify the apparent confusion of the jury. To have simply repeated instructions already given after the jury admitted its need for further explanation could be a disservice that, in some instances, might require reversal. *United States v. Bolden*, 169 U.S.App.D.C. 60, 514 F.2d 1301 (1975). Rather than shirk his responsibility by dodging a confused but possibly critical inquiry, the district judge ventured a thoughtful response. The success of his effort is evidenced by the jury verdict returned just fifteen minutes after the supplemental charging.[4]

 The second contention raised by the appellant is that the trial court improperly refused to judicially notice and instruct the jury that Modesto Mori, the government's key witness, had given false testimony in a previous trial. In our review of the appellant's previous conviction, we specifically stated that Mori had testified falsely under oath. 564 F.2d at 1030–1031. At the second trial, the appellant sought judicial notice and jury instruction of this alleged adjudicative fact pursuant to Rule 21. We do not consider the merit of this contention because, in any event, the trial court's refusal to comply did not prejudice the appel-

lant. Full cross-examination was permitted by which defense counsel brought before the jury the fact of Mori's previous false testimony. With the essence of desired evidence before the jury, any harm in the original exclusion was eliminated. *United States v. Ashley*, 555 F.2d 462, 465 (5th Cir. 1977); *United States v. Sims*, 434 F.2d 258, 259 (5th Cir. 1970).

Accordingly, the judgment of the court below is

AFFIRMED.

---

**3.** The decisions cited by the appellant rest on significantly different circumstances from the present case. In *United States v. Diamond*, 430 F.2d 688 (5th Cir. 1970), the supplemental charging was not sought by the jury, it was tainted by an encouragement to hurry deliberations and there was no "reference to the only real defense offered, that of good faith." *Id.* at 697. In *United States v. Bright*, 517 F.2d 584, 587–588 (2d Cir. 1975), the court, in response to a jury question about "reckless disregard" failed to add further explanation but instead repeated a dangerously slanted portion of the original charge. In neither of these decisions was there any indication that the court instructed the jury not to emphasize the supplemental charge over the original instructions.

The issuance of this cautionary instruction is a factor to weigh in assessing possible prejudice of supplemental charging. In *United States v. Stephens*, 569 F.2d 1372 (5th Cir. 1978), we found a cautionary instruction insufficient to cure a supplemental charging. In that case, however, the added charge misstated the law. The case we presently consider contains no such defect.

**4.** In view of our resolution of this issue, we do not reach the government's contention that the supplemental charge applied only to the distribution count leaving intact the convictions on the other counts under the concurrent sentence doctrine.