**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Benny TAYLOR, Defendant-Appellant.**

No. 82–3046
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 12, 1982.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Appellant, by means of this appeal, challenges his conviction for violation of 18 U.S.C. § 111.[1] Specifically, he finds error in the fact that the district court refused to permit defense counsel to argue provocation by the victim as a defense to the charge and, secondly, he characterizes as reversible error the district court's instruction to the jury on temporary insanity when that defense was not raised at trial. Having determined that any error committed by the court below was harmless error, we affirm the district court's decision.

The offense which brought appellant before the court occurred on May 30, 1981. On that date, appellant, a postal carrier employed by the U. S. Postal Service at the Harvey, Louisiana, office, punched Patricia Wright, his supervisor, with such force that her wig flew off her head and landed on the table behind her. This incident was the culmination of hostilities between the pair that had increased steadily since Wright's promotion to supervisor in 1978. Prior to that time, appellant and Wright had enjoyed a friendly relationship. The deteriorating relationship was described by a number of appellant's co-workers, who testified that Wright constantly harassed appellant. Appellant had been suspended several times as a result of Wright's complaints.

Another in a series of arguments between the two parties began on the morning of May 30, when Wright would not allow appellant the amount of overtime he sought

Herbert V. Larson, Jr., Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Louis Moore, Jr., Harry W. McSherry, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

1. § 111.

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both. The list in 18 U.S.C. § 1114 includes officers or employees of the Postal Service.

for delivering the mail that day. Appellant originally requested two and one-half hours of overtime in order to deliver his postal route, but later changed this request to one hour or one hour and fifteen minutes after being told some of the mail could be delivered the following day. Wright instead gave appellant forty-nine minutes of overtime, the amount of extra time he had needed to complete his delivery route the previous day. Wright testified that appellant also became upset because she told him to follow certain procedures regarding the packing and loading of mail for morning deliveries. Finally, after refusing a request that he be permitted to sort out some mail inside the Post Office, Wright punched out appellant's time card and ordered him out in the street. Appellant returned to the Post Office at 4:00 that afternoon, and reported to Wright that he had not finished his route. A confrontation between the two ensued, which culminated in the battery of which appellant was convicted.

■ Appellant does not contest the fact that he hit Wright. There is no question, furthermore, that she was a federal officer at the time the blow was struck. Appellant, however, argues that provocation by Wright should serve as a defense to his action. The district judge rejected a request by appellant's counsel to permit presentation of this theory in closing argument.[2] In taking this action, he certainly committed no error. Words, no matter how outrageous, do not legally justify an attack on an individual.[3] The judge correctly pointed out that if he countenanced such an impermissible argument, the attorney would be permitted to introduce an unsupported legal theory, thereby confusing the jury.

■ A judge has wide discretion to control the material presented by counsel in closing argument. See United States v. Corbo, 555 F.2d 1279, 1282 (5th Cir.), cert. denied, 434 U.S. 928, 98 S.Ct. 413, 54 L.Ed.2d 287 (1977); United States v. Jackson, 470 F.2d 684, 687 (5th Cir. 1972), cert. denied, 412 U.S. 951, 93 S.Ct. 3019, 37 L.Ed.2d 1004 (1973). We refuse to take the extraordinary step proposed by appellant and require the judge to allow any wild legal theory, no matter how baseless, to be presented by counsel in closing argument. Such a rule finds no precedent in the law and would clearly make a farce of court proceedings.

In the second and final challenge to the judgment below, the appellant charges that

2. The following exchange occurred between defense attorney and the judge:

MR. MULVEHILL: Secondly, Your Honor. I would like to make an objection on the record to the Court's instructions regarding the content of my argument and I would like to state for the record my understanding of the Court's instructions and preserve that for the record.

I understand Your Honor's instructions to me to be to the effect that I cannot argue as a defense provocation on the part of Ms. Wright, regardless of what that provocation may have been.

THE COURT: No, no, Mr. Mulvehill. That is not what I said at all. What I said you can't say that the things, that the activities of this defendant as described in this trial is legal provocation for assault. Now, what I said that you could argue to the jury is that all of this background of harassment, alleged harassment, and this final act of hers in denying him overtime and saying something about his mother and father, that that caused him to take this action on impulse, without any real intent to hurt anybody, that he was, that he didn't know what he was doing, that it had driven him to a point where he lost complete control of himself and, therefore, there was no intent to do it.

Any legal provocation, of course, may be argued, if you have any but I don't know, of course, if you have any in this case. Now, you may argue, it seems to me, lack of intent. But, you outlined to me what you were going to do and how you were going to do it in chambers and I said that you could probably proceed along those lines but if you go over the line and attempt to tell the jury that he was provoked into doing these things by the alleged harassment, it simply is not a legal defense and what you are doing is telling the jury that that is a legal defense and it is not. Now, I have put on the record my position on your argument.

Record on Appeal, vol. 2, at 251–53.

3. 6A C.J.S. Assault and Battery § 86 (1975).

the trial court erred in instructing the jury on temporary insanity, when this defense was never raised at trial. Appellant contends that this instruction suddenly shifted the burden of proof to the defense at a time when no further evidence could be introduced.

The judge gave a supplemental instruction in this case after he received a note from the jury indicating that it was deadlocked after two ballots and confused as to the meaning of "willful intent." The judge re-read part of the jury charge in an attempt to clarify matters. In addition, he added the following language, which is the subject of appeal:

> Was the defendant in such a state of mind that he was incapable of knowing that he was committing an assault? In other words, was the state of mind such that he simply didn't know what he was doing when he struck her.

Record on Appeal, vol. 2, at 315. Appellant's counsel objected unsuccessfully to this additional instruction.

■ A determination of the prejudicial nature of a supplemental charge can only be made after reviewing both the original and supplemental charges as a whole. *United States v. Sanfilippo*, 581 F.2d 1152, 1154 (5th Cir. 1978); *United States v. Fuiman*, 546 F.2d 1155, 1161–62 (5th Cir.), *cert. denied*, 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977). Reversible error does not occur so long as the combined charges viewed as a whole accurately reflect the legal issues. *United States v. Nickerson*, 669 F.2d 1016, 1021 (5th Cir. 1982). A judge's responsibility to dispel the jury's confusion is often not met, furthermore, when he simply repeats an instruction already given. *United States v. Sanfilippo*, 581 F.2d at 1155. In the instant case, the jury expressed confusion about the meaning of the term "willful intent." It would not have sufficed for the judge to simply re-read a portion of the charge he had already given. For that reason, the judge gave that portion of the supplemental charge

quoted above, wherein he permissibly restated appellant's contentions.

■ Although the judge did characterize the defense presented in his supplemental charge as temporary insanity, he did so out of the jury's presence, after noting that the defense had never been presented. He simply pointed out that, in his mind, "the gist of the argument of the defense has been that he didn't know what he was doing at the time he committed the assault and that, to me, is a temporary insanity." Record on Appeal, vol. 2, at 305. In his supplemental charge, the judge correctly summarized appellant's argument. Appellant contended that he lost control of himself and had no memory of striking Wright. His counsel at trial argued that the conduct was a "reflex or involuntary response," and that Wright "with her direct orders and her finger in his face ... was the straw that broke the camel's back." Record on Appeal, vol. 2, at 274–75. It is true that the appellant's defense was lack of specific intent, not temporary insanity. However, the only mention of the term "temporary insanity" was made out of the jury's presence and the portion of the supplemental charge of which appellant complains, simply restates appellant's trial testimony and defense counsel's remarks. The combined charges accurately reflect the legal issues presented. Appellant was in no way prejudiced by the judge's actions.

Finding no merit to any portion of appellant's challenge to the judgment below, we affirm the decision of the district court.

AFFIRMED.