[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10325
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00041-JEC-CCH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOYD SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 30, 2010)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Boyd Smith was convicted of conspiring, in violation of 18 U.S.C. § 844(n),

to commit arson, in violation of 18 U.S.C. § 844(i), and the district court

sentenced him to prison for 60 months. He now appeals his conviction, raising

one issue: whether district court abused its discretion by misstating the law in its

written response to two questions the jury asked during deliberations at the end of

the trial. The first question asked, "[i]s knowledge of others planning a crime the

same as being part of the conspiracy to commit the crimes?" The second asked,

"sitting in on discussion of a crime being planned, not actively involved with the

plan, is this the same as being involved with the plan?" The court responded as

follows:

> As the instructions indicate, a defendant must have a mutual
> understanding, with another person or persons, to accomplish an
> unlawful plan. So, knowing that other people had agreed to act
> together for the purpose of accomplishing an unlawful act would not
> render the defendant a conspirator unless the defendant, himself, had
> an understanding of the unlawful plan and had also willfully joined in
> on that plan, either verbally or through conduct that evidenced the
> defendant's knowledge and agreement, on at least one occasion. . . .
> [The second question] is a somewhat similar question. As the
> instructions indicate, at least one conspirator must commit an overt
> act in furtherance of the conspiracy, but it is not required that the
> defendant commit the overt act. Again, the question is whether the
> defendant had a mutual understanding or agreement with another
> conspirator to accomplish the unlawful plan — here, an arson — and
> whether the defendant ever willfully joined in on that plan, either
> verbally or through conduct that evidenced the defendant's
> knowledge of the plan and his agreement to that plan.

Smith argues that: (1) the jury's questions could have been answered with

the single word "no"; (2) the court erred in refusing to answer the questions in a

straightforward manner, based on its belief that the questions did not relate to the Government's theory of the case; and (3) the court abused its discretion by imposing its own view of the facts upon the jury.

We review a trial court's answers to questions from the jury during deliberations for abuse of discretion. *United States v. Wright,* 392 F.3d 1269, 1279 (11th Cir. 2004). A trial court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." McGregor v. Bd. of Comm'rs of Palm Beach County, 956 F.2d 1017, 1022 (11th Cir.1992) (quoting Cooter & Gell, 496 U.S. at 405, 110 S.Ct. at 2461). The argument here is that the court abused its discretion by basing its answers on an erroneous view of the law. In determining whether the court's answers were erroneous, we consider together the court's original charge to the jury and its answers to the jury's questions. *United States v. Sanfilippo*, 581 F.3d 1152 (5th Cir. 1978). We find that, considered as a whole, the instructions accurately presented the substantive law of conspiracy. The answers to the jury's questions were limited to that substantive law. Contrary to Smith's third point, the court did not impose on the jury its own view of the operative faces. An abuse of discretion did not occur here; consequently, Smith's conviction is

AFFIRMED.