[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

_____

No. 11-13616
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00289-JLG-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN WILLIAM SCHUMAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(May 24, 2012)

Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Brian Schumaker appeals his convictions and 360-month total sentence for: (1) crossing a state line with the intent to engage in a sexual act with a person under 12 years of age, in violation of 18 U.S.C. § 2241(c) ("Count 1"); (2) using a computer to entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count 2"); and (3) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) ("Count 3"). He appeals the district court's denials of his motion to dismiss for lack of jurisdiction and improper venue, his motion to suppress the information found on his laptop computer and Palm Pilot device, and an alleged variance between the indictment and the proof at trial. He also challenges the district court's response to a jury question during deliberations, the district court's failure to dismiss Counts 1 and 2 based on the lack of any actual victim and an alleged Tenth Amendment violation, the alleged overbreadth and vagueness of Count 1, and his allegedly unconstitutional sentence on Count 1.

## I.

"We review *de novo* questions concerning the jurisdiction of the district court." *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010) (internal quotation marks omitted). We normally review constitutional issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

2

Section 3231 of Title 18 grants district courts "original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Prior to the Congressional enactment of this statute, district courts possessed original jurisdiction over criminal cases under 28 U.S.C. § 41(2). *See Farnsworth v. Sanford*, 115 F.2d 375, 379 (5th Cir. 1940).

"The Sixth Amendment and Rule 18 of the Federal Rules of Criminal Procedure guarantee the right of a defendant to be tried in the district in which the offense was committed." *United States v. Roberts*, 308 F.3d 1147, 1151 (11th Cir. 2002). However, a defendant may waive such right by failing to raise a venue objection prior to trial. *Id.* at 1151-52. Nevertheless, if the indictment alleges an incorrect venue and the defendant was not aware of the defect until the government presented its case, an objection at the close of evidence comes soon enough to preserve the issue for appeal. Id. at 1152; *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).

Our review of the record persuades us that the district court properly exercised jurisdiction over the instant case. Schumaker's arguments with regard to personal, territorial, and subject-matter jurisdiction are uniformly meritless. With regard to personal jurisdiction, Schumaker may not challenge the district court's personal jurisdiction based on the alleged unlawfulness of his arrest. With regard

3

to territorial jurisdiction, Schumaker was not indicted for his thoughts or the conversations that took place while he was on his computer in Canada. He was indicted for arranging a meeting over the internet with a person he believed to be a mother interested in incest with her 11-year old daughter, having sexual conversations in the same vein with the girl he believed to be the 11-year old daughter, traveling to the Northern District of Georgia to meet the woman and her daughter at a local restaurant prior to their sexual encounter, and possessing child pornography. Consequently, he committed criminal acts in the United States and his arguments to the contrary, including those relying on his Canadian citizenship, are baseless.

With regard to subject-matter jurisdiction, we conclude from the record that Schumaker's arguments concerning 18 U.S.C. § 3231 are meritless. First, in each federal criminal appeal that we and our predecessor court, the former Fifth Circuit, have heard since 1948, we have implicitly recognized the legitimacy of 18 U.S.C. § 3231. Second, even if 18 U.S.C. § 3231 was not properly enacted, its predecessor in 28 U.S.C. § 41(2), provided a proper grant of jurisdiction to the district court regarding criminal cases. *See Farnsworth*, 115 F.2d at 379. Finally, we find this argument to be "unbelievably frivolous." *See United States v. Collins*, 510 F.3d at 697, 698 (7th Cir. 2007).

We conclude from the record that Schumaker waived any challenge to the district court's venue.  Prior to trial, Schumaker never expressly challenged the district court as the proper venue for his trial, which waived any venue challenge on appeal based on the standard explicated in *Greer*.  His argument concerning venue is based on his contention that he committed no criminal acts in the United States, which he has been consistently pleading from the time of his arrest.  Accordingly, he was aware of the alleged defect in the indictment with respect to venue, and his failure to present the issue prior to trial effectively waived consideration of this issue.  *See Greer*, 440 F.3d at 1271.

## II.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts *de novo*.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).  "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below."  *Id.* "[W]e allot substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony."  *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (internal quotation marks omitted);

*see United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002) (holding that we also credit implicit credibility determinations).

While the Fourth Amendment does not specify that search warrants must contain expiration dates, Rule 41 of the Federal Rules of Criminal Procedure requires that a search warrant be executed within a specified period of time not to exceed 10 days. *United States v. Gerber*, 994 F.2d 1556, 1559 (11th Cir. 1993).

"Unless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *Gerber*, 994 F.2d at 1560 (internal quotation marks and alteration omitted).

We conclude from the record that the district court did not err by denying Schumaker's motion to suppress the evidence recovered from his laptop computer and Palm Pilot. First, the government did not cause the type of prejudice or act with the type of intentional disregard that we have previously found to require for suppression of evidence under Rule 41. *See Gerber*, 994 F.2d at 1560. This case does not present a situation where the search was broader or more onerous because the materials were allegedly reviewed beyond the 10 days specified by Rule 41 at

6

the time of the search. The relevant electronic materials were "imaged," which provides an exact copy of the original hard drive, alleviating concerns about "stale warrants." Furthermore, there was no evidence of bad faith on the part of the government. Accordingly, we conclude that authorities did not violate Rule 41, and the district court properly denied the motion to suppress.

III.

We review *de novo* claims of constitutional error, questions of "pure law," and mixed questions of law and fact. *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008); *United States v. Register*, 182 F.3d 820, 841 (11th Cir. 1999); *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). A "fundamental principle" derived from the Fifth Amendment "is that a defendant can only be convicted for a crime charged in the indictment" because "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice." *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990). "Two types of problems can arise as a result of a trial court's deviation from an indictment," a (1) constructive amendment or (2) variance. *Id.*

A variance occurs when "the evidence produced at trial differs from what is alleged in the indictment." *Id.* The allegations in the indictment and proof at trial must correspond for two reasons: (1) the defendant should be "properly notified of

7

the charges so that he may present a defense"; and (2) the defendant should be "protected against the possibility of another prosecution for the same offense." *United States v. Reed*, 887 F.2d 1398, 1403 (11th Cir. 1989). Unlike a constructive amendment, "a variance requires reversal only when the defendant can establish that his rights were substantially prejudiced thereby." *United States v. Narog*, 372 F.3d 1243, 1247 (11th Cir. 2004).

Where a defendant does not allege a variance in the district court, we review such a claim for plain error. *United States v. Dennis*, 237 F.3d 1295, 1300 (11th Cir. 2001). The plain-error standard of review for whether a material variance occurred is "twofold." *Id.* First, we must determine "whether a material variance did occur, and second, whether the defendant suffered substantial prejudice as a result." *Id.* (internal citations and quotation marks omitted).

Here, we conclude that no material variance occurred between the indictment and proof at trial. Schumaker clearly knew that Counts 1 and 2 related to crimes without a real child victim because he continuously litigated this issue before the district court, basing a number of motions on this ground, and arguing that without an actual victim the indictment was invalid. Accordingly, he fails to demonstrate that he was substantially prejudiced by this matter.

IV.

8

We generally review a district court's answers to juror's questions during deliberations for an abuse of discretion. *United States v. Wright*, 392 F.3d 1269, 1279 (11th Cir. 2004). Because "district courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts, . . . we will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000) (internal quotation marks omitted). In determining whether the court's answer was legally erroneous, we review the original and supplemental charges as a whole, and consider together the court's original charge to the jury and its answers to the jury's questions. *United States v. Sanfilippo*, 581 F.2d 1152, 1154-55 (5th Cir. 1978).

It is unlawful under 18 U.S.C. § 2241(c) to cross a State line with the intent to engage in a sexual act with a person under the age of 12. *See* 18 U.S.C. § 2241(c). The former Fifth Circuit upheld a conviction under the Mann Act, 18 U.S.C. § 2421, based on a showing that "one purpose" of the defendant's trip was illicit; thus, the court rejected his contention that his immoral purpose was "merely incidental" to his travel. *Forrest v. United States*, 363 F.2d 348, 349-50 (5th Cir. 1966).

9

We conclude from the record that the district court did not err by instructing the jury to disregard the language concerning "merely incidental" purposes for travel when it said to focus, instead, on whether one of the purposes of Schumaker's travel was to engage in a sexual act with an individual under 12 years of age, because the two ideas describe the same notion - whether a purpose for the trip was illicit.

V.

We review *de novo* the denial of a motion to dismiss an indictment as legally insufficient. *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011). We also review constitutional claims *de novo*. *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008). However, where a party fails to object to an issue at trial, we review for plain error. *United States v. Jiminez*, 564 F.3d 1280, 1286 (11th Cir. 2009). Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (internal quotation marks omitted). When these three conditions are met, we must then determine if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). An error affects substantial

rights if it has a "substantial influence on the outcome of a case or leave[s] grave doubt as to whether [it] affected the outcome of a case." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir.2007) (internal quotation marks omitted).

Convictions for aggravated sexual abuse, under 18 U.S.C. § 2241(c), and attempted enticement, under 18 U.S.C. § 2422(b), do not require the existence of an actual child victim. *See United States v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010), *cert. denied,* 131 S. Ct. 369, 178 L. Ed. 2d 238 (2010) (addressing conviction for attempted enticement). Those caught in "sting" operations and charged under § 2241(c) or § 2422(b) are subject to the same convictions and penalties as those who succeed in their crimes. *Id.* at 1322 n.15, 1325. "Under the prior panel precedent rule, we are bound by earlier panel holdings . . . unless and until they are overruled en banc or by the Supreme Court." *United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir. 1997).

We have specifically held that 18 U.S.C. § 2422(b) does not exceed Congress' power under the commerce clause. *United States v. Hornaday*, 392 F.3d 1306, 1310-11 (11th Cir. 2004). We have noted that the internet is "an instrumentality of interstate commerce," and that Congress "has the power to regulate the internet" and "to prohibit its use for harmful or immoral purposes

regardless of whether those purposes would have a primarily intrastate impact."
*Id.* at 1311.

We have also held that 18 U.S.C. § 2422(b) is not unconstitutionally overbroad as applied to a case involving a defendant speaking to an undercover agent posing as the parent of a fictitious child, when the defendant attempts to arrange sexual abuse through the conversation. *Farley*, 607 F.3d at 1324. In so doing, we stated that "[s]peech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime." *Id.* (internal quotation marks omitted). We have held that § 2422(b) is not unconstitutionally vague, and that the terms of the statute - including "entice," "induce," and "sexual actitivity for which any person can be charged with a criminal offense" - have plain and ordinary meanings, the statute is not unconstitutionally vague, and the scienter requirement of the statute ensures that only those who knowingly engage in proscribed conduct are subject to prosecution. *United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003).

We conclude from the record that the district court did not err by allowing trial to proceed on Counts 1 and 2 in the absence of any child victim. Convictions under 18 U.S.C. §§ 2241(c) and 2422(b), do not require the existence of an actual child victim, and those caught in sting operations are equally culpable as those

who are successful in their criminal sexual behavior. *Farley*, 607 F.3d at 1325.
The prior panel precedent rule forecloses reconsideration of this issue. *Smith*, 122
F.3d at 1359.

Before the district court, Schumaker failed to argue that Counts 1 and 2
violated the Tenth Amendment, so we review his claims in this regard for plain
error. Schumaker's citation to the Supreme Court's recent decision in *Bond v.
United States*, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011), is inapplicable, because in
*Bond* the Supreme Court decided that individuals had standing to challenge
statutes under the Tenth Amendment, not that any statute at issue in the case was a
violation of the Tenth Amendment. No decision of the Supreme Court or this
Court supports Schumaker's argument that 18 U.S.C. §§ 2241(c) or 2422(b)
violates the Tenth Amendment. To the contrary, we have specifically held that
§ 2422(b) does not violate the Tenth Amendment, with reasoning equally
applicable to § 2241(c).

Finally, the district court did not err by denying Schumaker's motion for a
judgment of acquittal on the grounds that 18 U.S.C. § 2241(c) was
unconstitutionally overbroad or vague. Similar to the Tenth Amendment argument
noted above, we have held that § 2422(b) is neither constitutionally overbroad nor

vague, with reasoning that applies equally to § 2241(c).  *Farley*, 607 F.3d at 1324.

Therefore, we conclude that Schumaker is not entitled to relief on these claims.

VI.

A constitutional challenge to a sentence is reviewed *de novo*.  *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009).

The mandatory minimum sentence under 21 U.S.C. § 841(b)(1) does not violate the Fifth Amendment or the separation of powers doctrine.  *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988).  With regard to the separation of powers doctrine, "[i]t is for Congress to say what shall be a crime and how that crime shall be punished."  *Id.* (internal quotation marks omitted).

A 30-year sentence for violating 18 U.S.C. § 2241(c) does not violate the Eighth Amendment.  *Farley*, 607 F.3d at 1343-46.

We conclude that the district court did not err by sentencing Schumaker to the mandatory minimum sentence of 30 years' imprisonment on Count 1. Schumaker objected to his 30-year sentence on Count 1 based on the Eighth Amendment, the Fifth Amendment, and the separation of powers doctrine.  Our binding precedent states that a 30-year sentence under § 2241(c) does not violate the Eighth Amendment.  *Farley*, 607 F.3d at 1343-46.  Nor does it violate the Fifth Amendment or the separation of powers doctrine.  *See Holmes*, 838 F.2d at 1178;

*United States v. Pope*, 461 F.3d 1331, 1337 (11th Cir. 2006); *United States v. Willis*, 956 F.2d 248, 250-51 (11th Cir. 1992).

For the aforementioned reasons, we affirm Schumaker's convictions and his 360-month total sentence.

**AFFIRMED.**