KELLY, Circuit Judge, concurring.
 

 I concur in the court's decision because our earliest precedent,
 
 Hanson
 
 ,
 
 618 F.2d 1261
 
 , appears to foreclose Gustus from presenting an intoxication defense to his § 111(a)(1) charge. I write separately because we have issued conflicting decisions on whether assault under § 111(a)(1) requires specific or general intent, and the issue is one that warrants greater attention.
 

 As the court notes, a defendant must be charged with a specific-intent crime to merit an intoxication defense.
 
 See
 

 Kenyon
 
 ,
 
 481 F.3d at 1070
 
 . Specific intent is usually defined as "the intent to accomplish the precise criminal act that one is later charged with," as opposed to general intent, which is "the intent to perform an act even though the actor does not desire the consequences that result."
 
 United States v. Robertson
 
 ,
 
 606 F.3d 943
 
 , 954 (8th Cir. 2010) (cleaned up). Specific intent loosely equates to the Model Penal Code's culpability standard of "purposely."
 
 See
 

 United States v. Bailey
 
 ,
 
 444 U.S. 394
 
 , 404-05,
 
 100 S.Ct. 624
 
 ,
 
 62 L.Ed.2d 575
 
 (1980). A defendant is said to act purposely when it is the defendant's "conscious object to engage in conduct of that nature or to cause such a result." Model Penal Code § 2.02(2)(a) (Am. Law Inst. 1985);
 
 see
 

 Voisine v. United States
 
 , --- U.S. ----,
 
 136 S. Ct. 2272
 
 , 2278,
 
 195 L.Ed.2d 736
 
 (2016).
 

 Section 111(a) makes it a felony to assault a federal employee while the employee is engaged in official duties if the assault involved physical contact with the victim.
 
 [4]
 
 The statute does not specify what culpability standard applies to its elements. In
 
 United States v. Feola
 
 , the Supreme Court addressed one element of the offense-the attendant circumstance of the victim's identity-and concluded that there is no requirement that the defendant "be aware that his victim is a federal officer."
 
 420 U.S. 671
 
 , 684,
 
 95 S.Ct. 1255
 
 ,
 
 43 L.Ed.2d 541
 
 (1975). "All the statute requires is an intent to assault, not an intent to assault a federal officer."
 

 Id.
 

 Feola
 
 's use of the phrase "an intent to assault" generated significant confusion. In short succession, we issued "conflicting ... decisions as to whether specific intent is an element of a § 111 violation."
 
 United States v. Oakie
 
 ,
 
 12 F.3d 1436
 
 , 1443 (8th Cir. 1993) (citing
 
 Hanson
 
 ,
 
 618 F.2d at 1265
 
 , and
 
 Manelli
 
 ,
 
 667 F.2d at
 
 696 ).
 
 Hanson
 
 appears to hold that § 111 only requires a general intent to assault,
 
 618 F.2d at 1265
 
 , whereas
 
 Manelli
 
 states that "[s]pecific intent is an essential element of the crime,"
 
 667 F.2d at 696
 
 . This conflict is particularly curious because
 
 Hanson
 
 and
 
 Manelli
 
 were issued only a year apart, both decisions cite to the Supreme Court's decision in
 
 Feola
 
 in support of their respective positions, and one of the judges on the
 
 Hanson
 
 panel authored the later
 
 Manelli
 
 opinion. Notably, other circuits also appear divided on whether § 111 is a specific-intent or general-intent offense.
 
 [5]
 
 Nonetheless, we are bound to follow
 
 Hanson
 
 , the earlier opinion, which indicates that § 111 is a general-intent offense.
 
 [6]
 

 See
 

 Mader
 
 ,
 
 654 F.3d at 800
 
 .
 

 There are compelling arguments for treating assault under § 111 as either a general-intent or specific-intent crime.
 
 [7]
 
 On the one hand, we recognized in
 
 United States v. Yates
 
 that Congress imported into § 111 the common-law definition of simple assault.
 
 304 F.3d 818
 
 , 821-23 (8th Cir. 2002). Assault at common law "requires the showing of an offer or attempt by force or violence to do a corporal injury to another."
 

 Id.
 

 at 822
 
 (quoting
 
 United States v. Bear Ribs
 
 ,
 
 562 F.2d 563
 
 , 564 (8th Cir. 1977) (per curiam)). Applying this definition, we have previously characterized common-law assault as a general-intent crime.
 
 See
 

 United States v. Ashley
 
 ,
 
 255 F.3d 907
 
 , 911-12 (8th Cir. 2001). This would support treating § 111 as a general-intent crime, although some of our sister circuits disagree with our reading of the common law.
 
 See, e.g.
 
 ,
 
 United States v. Lamott
 
 ,
 
 831 F.3d 1153
 
 , 1156 (9th Cir. 2016) ("[C]ommon law assault is a specific intent crime ....").
 

 On the other hand, we have also held that an assault under § 111 must be "willfully" committed.
 
 United States v. Olunloyo
 
 ,
 
 10 F.3d 578
 
 , 580-81 (8th Cir. 1993) (citing
 
 Potter v. United States
 
 ,
 
 691 F.2d 1275
 
 , 1280 (8th Cir. 1982) );
 
 see also
 

 United States v. Long Soldier
 
 ,
 
 562 F.2d 601
 
 , 606-07 (8th Cir. 1977) (discussing, prior to
 
 Hanson
 
 , jury instructions requiring the defendant to act willfully). When used in a criminal statute, willfully "generally means an act done with a bad purpose."
 
 Screws v. United States
 
 ,
 
 325 U.S. 91
 
 , 101,
 
 65 S.Ct. 1031
 
 ,
 
 89 L.Ed. 1495
 
 (1945) (quoting
 
 United States v. Murdock
 
 ,
 
 290 U.S. 389
 
 , 394,
 
 54 S.Ct. 223
 
 ,
 
 78 L.Ed. 381
 
 (1933) ). We have therefore regularly interpreted the term as requiring specific intent.
 
 See, e.g.
 
 ,
 
 United States v. Boone
 
 ,
 
 828 F.3d 705
 
 , 711 (8th Cir. 2016) ;
 
 United States v. Bussey
 
 ,
 
 942 F.2d 1241
 
 , 1250 (8th Cir. 1991). It follows from these decisions that for an assault under § 111 to be "willfully" committed, the defendant must have acted with specific intent.
 

 Our pattern jury instructions on § 111 offenses are consistent with this latter view.
 
 [8]
 
 The model instructions advise district courts to add the terms "voluntarily and intentionally" to § 111 's elements because "[t]he assault must be intentional, even though the term 'willful' is not used in the statute." 8th Cir. Model Crim. Jury Instructions § 6.18.111 & n.4 (2017);
 
 see also
 

 United States v. Wallace
 
 ,
 
 852 F.3d 778
 
 , 783 (8th Cir. 2017) (approving similar instruction);
 
 United States v. Bettelyoun
 
 ,
 
 16 F.3d 850
 
 , 853 (8th Cir. 1994) (same). To satisfy a requirement that the assault be intentional, it would appear that the government would need to prove that the defendant committed the assault willfully, that is, with specific intent.
 
 See
 

 Screws
 
 ,
 
 325 U.S. at 101
 
 ,
 
 65 S.Ct. 1031
 
 .
 

 Gustus's case illustrates the tension in our precedents. His indictment and jury instructions conformed to our model instructions and included the terms "voluntarily and intentionally." Those terms usually require a showing of specific intent, and we ordinarily "hold the government to the elements charged in its indictment."
 
 Wallace
 
 ,
 
 852 F.3d at 783
 
 . Yet Gustus was denied the opportunity to present an intoxication defense based on the conclusion
 that he was charged with a general-intent crime.
 

 Whether § 111 is a specific-intent or general-intent crime is a difficult question to which we have given conflicting answers, but one that only the court sitting en banc can resolve. I therefore concur fully in the court's opinion.
 

 The offense is a misdemeanor if the assault "constitute[d] only simple assault," but it becomes a felony if the assault "involve[d] physical contact with the victim" or if the defendant had "the intent to commit another felony."
 
 18 U.S.C. § 111
 
 (a). Gustus's conviction was treated as a felony, and the jury specifically found that he made physical contact with Gonzalez. It should be noted, however, that Gustus's indictment did not include the allegation that he made physical contact with the victim. The failure to include in the indictment a critical element that transforms an offense from a misdemeanor to a felony is reversible error.
 
 See
 

 Almendarez-Torres v. United States
 
 ,
 
 523 U.S. 224
 
 , 228,
 
 118 S.Ct. 1219
 
 ,
 
 140 L.Ed.2d 350
 
 (1998). Gustus has not raised this argument, so the issue is not before us on direct appeal.
 

 Five circuits have characterized the offense as one of general intent.
 
 United States v. Brown
 
 ,
 
 592 F. App'x 164
 
 , 166 (4th Cir. 2014) (per curiam);
 
 United States v. Kimes
 
 ,
 
 246 F.3d 800
 
 , 808 (6th Cir. 2001) ;
 
 United States v. Ricketts
 
 ,
 
 146 F.3d 492
 
 , 497 (7th Cir. 1998) ;
 
 United States v. Kleinbart
 
 ,
 
 27 F.3d 586
 
 , 592 (D.C. Cir. 1994) ;
 
 United States v. Jim
 
 ,
 
 865 F.2d 211
 
 , 214-15 (9th Cir. 1989).
 
 But see
 

 United States v. Staggs
 
 ,
 
 553 F.2d 1073
 
 , 1076 (7th Cir. 1977) (taking opposite approach). Three circuits have treated § 111 as a specific-intent crime.
 
 United States v. Simmonds
 
 ,
 
 931 F.2d 685
 
 , 687 (10th Cir. 1991) ;
 
 United States v. Taylor
 
 ,
 
 680 F.2d 378
 
 , 381 (5th Cir. 1982) ;
 
 United States v. Caruana
 
 ,
 
 652 F.2d 220
 
 , 222-23 (1st Cir. 1981) (per curiam).
 

 It is debatable whether
 
 Hanson
 
 fully addressed the question presented here: Does § 111 require the defendant to commit the
 
 assault
 
 with specific intent? The defendants in
 
 Hanson
 
 conceded that assault is ordinarily a general-intent crime, but attempted to "distinguish the crime of assault from that of assault on a federal officer" by arguing that the latter offense requires specific intent.
 
 618 F.2d at 1265
 
 . Citing
 
 Feola
 
 , we rejected that distinction because § 111 does not require the defendant to know the victim's identity.
 

 Id.
 

 Even if the court in fact adopted the concession that assault is a general-intent crime, that concession was immaterial to the outcome of the decision; the court noted, "Even were we to agree that assault were a specific intent crime, it cannot be said that [the assault was] not done purposely and knowingly."
 

 Id.
 

 Regardless of whether the assault element of § 111(a) requires proof of specific intent, some formulations of the offense undoubtedly would. For example, charging the offense as a felony because the defendant had the "intent to commit another felony" unquestionably requires specific intent.
 
 See, e.g.
 
 ,
 
 United States v. Iron Shell
 
 ,
 
 633 F.2d 77
 
 , 88 (8th Cir. 1980) (explaining that assault with intent to commit rape requires the specific intent to commit rape).
 

 "The model jury instructions are available for use by the district courts, but they are not binding."
 
 United States v. Sparkman
 
 ,
 
 500 F.3d 678
 
 , 684 (8th Cir. 2007).