[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12701
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-24294-DPG; 1:14-cr-20116-DPG-1

RICHARD ANTHONY SILER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2021)

Before GRANT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Siler, a federal prisoner proceeding pro se, appeals the district court's denial of his petition under 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") on three issues: (1) whether Siler's appellate counsel was ineffective for not arguing that the district court erred by refusing to clarify a jury question; (2) whether the district court erred by failing to address whether the cumulative error of claims 1 through 12 warranted habeas relief; and (3) whether the district court abused its discretion in failing to hold an evidentiary hearing.

I.

In § 2255 proceedings, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). The scope of review on appeal is limited to the issues specified in the COA. *Id.* at 1290-91.

The Sixth Amendment guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his or her counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) he or she suffered prejudice as a result of that deficiency. *Id.* at 687-88. The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper

2

functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.* at 686. Ineffective assistance of counsel claims present mixed questions of law and fact, which we review *de novo*. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

To establish deficient performance, the defendant must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *Strickland*, 466 U.S. at 690. "Surmounting *Strickland's* high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). There is a "strong presumption" that an attorney's performance was reasonable, and that their strategic decisions represented "the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90.

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

Once a court has determined that the defendant fails to establish either the performance or prejudice prong, it need not address the remaining prong. *Strickland*, 466 U.S. at 697.

3

Claims of ineffective appellate counsel are governed by the same standards applied to trial counsel under *Strickland*. *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013). In the appellate context, the Supreme Court has observed that "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* Indeed, a "brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Jones v. Barnes*, 463 U.S. 745, 753 (1983). Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

We review a district court's response to a jury question solely for an abuse of discretion. *United States v. Lopez*, 590 F.3d 1238, 1247 (11th Cir. 2009). District courts have considerable discretion as to the extent and character of supplemental jury instructions, but they do not have discretion to misstate the law or confuse the jury. *Id.* "A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of the indictment, evidence presented and argument of counsel to determine whether the jury was misled and whether the jury understood the issues." *Id.* at 1248. We will reverse only when we are left

4

with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations. *Id.*

A defendant who challenges the district court's handling of a jury question must show that the district court's answer prejudiced him. *United States v. Pacchioli*, 718 F.3d 1294, 1306 (11th Cir. 2013). The district court has broad discretion when responding to a jury request that evidence be reread. *United States v. Delgado*, 56 F.3d 1357, 1370 (11th Cir. 1995). No reversible error exists if the district court's original and supplemental instructions accurately present the substantive law. *United States v. Sanfilippo*, 581 F.2d 1152, 1154 (5th Cir. 1978).

Here, appellate counsel was not ineffective because the district court did not abuse its discretion in responding to the jury's question. At trial, Siler failed to develop a record conclusively establishing whether it is legal, in some circumstances, to sell another person's Social Security number. It therefore would have been improper for the district court to answer the jury's question with a simple "yes," as Siler requested. Doing so would have required the district court to interpret ambiguous evidence in Siler's favor and would have misled the jury by presenting new facts not already found in the trial record.

The district court also had broad discretion in deciding whether to reread certain evidence potentially bearing on this topic. Siler asked the district court to direct the jury to a particular witness's testimony that some private businesses

legally sell "client information," but that testimony did not specifically resolve the jury's question regarding Social Security numbers.  Consequently, there was a significant risk that rereading this evidence would only confuse or mislead the jury. The district court therefore acted within its discretion by instead directing the jury to rely on the evidence in the record and the original jury instructions.

Because the district court did not abuse its discretion in answering jury's question, Siler's appellate counsel did not act ineffectively by failing to raise this non-meritorious claim.   Accordingly, we affirm as to this issue.

II.

We review *de novo* whether the district court adequately addressed all of the claims in a § 2255 motion.  *Dupree*, 715 F.3d at 1298.  We have held that a district court must resolve all claims for relief raised in a § 2255 motion, regardless of whether relief is granted or denied and regardless of whether the claims for relief arise out of the same operative facts.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (addressing a § 2254 petition); *see also Rhode*, 583 F.3d at 1291–92 (applying *Clisby* in the § 2255 context).  A "claim for relief" is defined as "any allegation of a constitutional violation."  *Clisby*, 960 F.2d at 936.  Allegations of distinct constitutional violations constitute separate claims for relief, even if the allegations arise from the same operative facts.  *Id.*

6

If the district court failed to consider a claim raised in a § 2255 motion, we will vacate and remand the case to allow the district court to consider the claim. *Clisby*, 960 F.2d at 938. Under *Clisby*, our only role is to determine whether the district court failed to address a claim, and, where we determine that it did, to vacate the judgment without prejudice and remand the case for consideration of the claim. *Dupree*, 715 F.3d at 1299. We do not address whether the underlying claim is meritorious. *Id*.

Here, the district court implicitly addressed Siler's cumulative-error claim by separately addressing each of his other claims and finding no error by trial or appellate counsel. Where there is no error or only a single error, there can be no cumulative error. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). The district court also found explicitly that none of the alleged errors, either individually or cumulatively, deprived Siler of his right to a fair trial and due process of law. Accordingly, we affirm as to this issue as well.

## III.

We review the district court's denial of an evidentiary hearing for abuse of discretion. *Breedlove v. Moore*, 279 F.3d 952, 959 (11th Cir. 2002). Whenever a § 2255 movant alleges facts that, if true, would entitle him to relief, the district court should order an evidentiary hearing. *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002). The district court is not required to hold a hearing,

7

however, if the petitioner's claims are affirmatively contradicted by the record or are patently frivolous. *Id.*; *see also* 28 U.S.C. § 2255(b) (establishing an exception to the notice and evidentiary hearing requirement where the record conclusively shows that the prisoner is entitled to no relief).

A party who fails to object to a factual or legal finding contained in a magistrate judge's report and recommendation waives the right to challenge that finding on appeal, if the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. In the absence of a proper objection, however, we may review on appeal for plain error when necessary in the interests of justice. *Id.*

Here, the district court did not commit plain error or abuse its discretion by denying Siler an evidentiary hearing because the claims in his § 2255 motion were unsupported by the record. Siler's claims at issue on appeal raised purely legal questions, not disputed issues of fact, and thus his § 2255 motion did not allege facts that, if true, would have entitled him to relief. An evidentiary hearing was therefore unnecessary, and we affirm as to this final issue.

**AFFIRMED.**